UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50134-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FELICIA SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Petitioner Felicia Smith's ("Smith") "Minor-role Amendment Reduction 3B1.1 (sic)." (Record Document 357). Smith seeks reduction of her sentence based upon the application of the recent amendments to § 3B1.2 of the United States Sentencing Commission Guidelines. See id. at 1. She contends that the amendments are retroactive, and should therefore be applied to reduce her sentence to avoid "miscarriage of justice." Id. at 2.

"Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary." U.S. v. Gomez-Valle, No. 15-41115, 2016 WL 3615688, at *3 (5th Cir. July 5, 2016). In Gomez-Valle, the Fifth Circuit addressed Amendment 794:

> Whether Amendment 794 is substantive or clarifying is a matter of first impression in this circuit. The Ninth Circuit has held in a published opinion that Amendment 794 is clarifying and retroactive to cases on direct appeal. In an unpublished opinion, the Eleventh Circuit considered the non-exhaustive factors added by Amendment 794 to a sentence imposed prior to the Amendment's effective date, noting briefly that it "consider[s] clarifying amendments retroactively on appeal regardless of the date of sentencing." In a recent opinion, the First Circuit declined to reach the issue, noting that the changes effected by Amendment 794 provided no benefit to the defendant.
>
> We conclude that it is unnecessary to resolve whether Amendment 794 was a substantive change or instead only clarifying because even if it were applied retroactively, it would not affect Gomez-Valle's sentence.

Id. at *5.

The Court need not address the merits of the motion because it is not properly before the Court. While the Fifth Circuit did not resolve whether Amendment 794 should be applied retroactively in direct appeals, the record establishes that Smith's direct appeal became final almost a decade ago. See United States v. German, 486 F.3d 849 (5th Cir. 2007), *cert. denied* Smith v. United States, 552 U.S. 1043 (2007).

28 U.S.C. § 2255 also provides a method of collaterally attacking a sentence imposed by a federal court. However, Smith has already sought federal habeas corpus relief under § 2255, which this Court denied. (Record Documents 294 and 295). Both this Court and the Fifth Circuit denied her request for a Certificate of Appealability. (Record Documents 295 and 313). A second chance at federal habeas corpus relief under § 2255 is only available after obtaining a certification from a panel of the Fifth Circuit Court of Appeals allowing such a motion to be filed. See 28 U.S.C. § 2255(h). As Smith has not yet done so, the Court cannot consider this motion.

For these reasons, Smith's request for a reduction of her sentence must be **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE